## No. 13,548.

DAVISON ET AL. *v.* TUCKER.

(50 P. [2d] 541)

Decided October 7, 1935.

Mr. H. A. HICKS, Mr. H. A. HICKS, JR., Mr. W. M. GLENN, for plaintiffs in error.

Mr. J. M. TAYLOR, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are here aligned as in the trial court and reference will be made to them herein as plaintiffs and defendant.

Plaintiffs contend that this is an action for contribution, while defendant insists that it is an action on a foreign judgment, and is barred by our statute of limitations. The trial court adopted defendant's view, presented by demurrer, which was sustained. Plaintiffs elected to stand on their complaint as amended, and judgment of dismissal was entered, to which error is assigned.

November 17, 1925, the Commercial National Bank of Kansas City, Kansas, recovered judgment in the district court of Greeley county, Kansas, against the plaintiffs and defendant on a promissory note, in the sum of $4,574.10. To avoid levy and execution, the four plaintiffs, April 26, 1926, paid the judgment and took an assignment thereof from the bank. Immediately thereafter, plaintiffs made demand upon defendant for payment of his one-fifth contributive share in the sum of $914.82, which was refused. April 24, 1931, this suit to recover that sum with interest was filed in the district court of Denver, and March 6, 1931, affidavit in attachment was filed therein based on nonresidence of defendant. The complaint, with a copy of the journal entry of the Kansas judgment attached as ''Exhibit A,'' after alleging the Kansas judgment, its payment and assignment, contains the following allegation and prayer:

''6. That the amount paid on said judgment, as above alleged was the sum of Four Thousand Five Hundred Seventy-four and 10/100 Dollars ($4,574.10), the one-fifth part thereof paid on behalf of the defendant herein was and is Nine Hundred Fourteen and 82/100 Dollars ($914.82); that the said defendant herein is liable to these plaintiffs, as a contribution, in said sum of $914.82, together with interest thereon at 10% per annum, as provided by the laws of the State of Kansas, from the 26th day of April, 1926, to the date of rendition of judgment herein, besides the costs of this action.

''Wherefore, plaintiffs demand judgment against the defendant for his contributive share of said indebted-

ness, to-wit, the sum of $914.82, together with interest thereon from the 26th day of April, 1926, at the rate of 10% per annum until the rendition of judgment herein, besides the costs of this action."

The sustained demurrer contained the grounds that complaint does not state sufficient facts; that on the face of the complaint, the cause is barred by statute of limitations, particularly section 6408, C. L. 1921; misjoinder of parties, as it appears that each plaintiff is suing for a separate indebtedness; and that several pretended causes of action have been improperly united.

If the contention of plaintiffs that this is an action for contribution, and not an action on the Kansas judgment, is correct, then it is not necessary to consider the matter of the application of the statute of limitations. In either event, we do not believe the claim of misjoinder, and improper uniting of causes of action to be well taken.

■ ■ Much stress is placed by defendant on the fact that the journal entry of the Kansas judgment is made a part of the complaint, and that makes the cause of action one on that judgment. While unnecessary, in an action for contribution under the facts otherwise alleged, it does not change the cause of action if the real cause of action is otherwise apparent. It can be considered as surplusage to the foundation of the right to make the claim for contribution. The fallacy of defendant's contention is shown by the fact that the only alleged liability of the defendant is fixed in the sum of $914.82, and not the full amount of the Kansas judgment. The prayer for recovery is for no more. The alleged demand for payment before suit was for the one-fifth share and no more. As evidenced by the judgment, the defendant had a burden in common with plaintiffs, and the simple principle of natural justice requires that it be borne equally. Plaintiffs can ask no more and defendant cannot equitably ask to pay less. We are unable to spell from the complaint anything but a claim for contribution, which

is rooted in the Kansas judgment. This claim accrued when plaintiffs paid the judgment, and the limitation statute commenced to run from that date. The complaint herein was filed within the limit and stated a cause of action in contribution. It was, and is, good as against the demurrer.

Judgment reversed with directions to overrule the demurrer and reinstate the case for further proceedings.